**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUZANNA GEVORGYAN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-70122<br><br>Agency No. A077-302-591<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Ruzanna Gevorgyan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and we deny the petition for review.

Gevorgyan has not contested the agency's dispositive finding that she failed to file her asylum application with a reasonable time following any extraordinary or changed circumstances. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived). Thus, we deny Gevorgyan's petition for review with respect to her asylum claim.

Substantial evidence supports the agency's adverse credibility determination based on, among other findings, Gevorgyan's implausible testimony that she joined an organization in 1997 to investigate a terrorist act that did not occur until 1999, and the discrepancy between her testimony and her declaration regarding the date of that terrorist act. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004) (upholding an adverse credibility finding that was supported by substantial evidence and went to the heart of the claim); *Pal v. INS*, 204 F.3d 935, 938 (9th Cir. 2000) (inconsistencies between testimony and documentary evidence supported an adverse credibility finding). In the absence of credible testimony, Gevorgyan's withholding of removal claim fails. *See Farah*, 348 F.3d at 1156.

Because Gevorgyan's CAT claim is based on the same testimony the agency found not credible, and she points to no other evidence showing it is more likely than not she will be tortured if returned to Armenia, her CAT claim also fails. *See id.* at 1156-57. We reject Gevorgyan's contention that the agency improperly analyzed her claim. *See Kamalthas v. INS*, 251 F.3d 1279, 1283-84 (9th Cir. 2001).

**PETITION FOR REVIEW DENIED.**